UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALBERTO FARIAS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MATTHEW ATCHLEY, et al.,<br><br>　　　　　Defendants. | Case No. 21-04167 BLF (PR)<br><br>**ORDER GRANTING MOTION TO STRIKE; VACATING ORDER DISMISSING NON-COGNIZABLE CLAIMS AND BRIEFING SCHEDULE; GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT; DENYING MOTION FOR EXTENSION OF TIME AS MOOT**<br><br>(Docket Nos. 19, 20) |

　　　　Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at the Salinas Valley State Prison ("SVSP"). Dkt. No. 1. On September 24, 2021, the Court screened the complaint and found it stated cognizable claims of excessive force, denial of his right to access to the courts, and an ADA claim. Dkt. No. 11 at 10. The Court granted leave to amend with respect to the remaining claims or, in the alternative, to file notice that he wishes to proceed on the cognizable claims and strike all other claims from the complaint. *Id.* When the deadline passed with no response from Plaintiff, the Court ordered service of the complaint of the cognizable claims on Defendants and dismissed the deficient claims with prejudice for failure to state a claim. Dkt. No. 12.

On December 1, 2021, Plaintiff filed a "request for enlargement of time (45) days to amend, with actual facts, also documents allegations." Dkt. No. 14.  In the request, Plaintiff states that he wants to "provide and comply with adequate documentation in support with 'Plaintiff's claims,' and 'excessive force.'"  *Id.*  It appeared that Plaintiff sought to amend facts in support of the three cognizable claims identified above, which included excessive force.  *See supra* at 1.  Because the claims were already served on Defendants based on the allegations in the complaint, the Court found it was unnecessary for Plaintiff to provide further documentation in support of these claims.  Dkt. No. 15 at 2.  Nevertheless, the Court granted Plaintiff leave "to file supplemental material provided he serves Defendants with the documents."  *Id.*

Plaintiff filed a document which was docketed as a "first amended complaint" on January 19, 2022.  Dkt. No. 17.  However, it appears that this document is "the "supplemental material" to support the cognizable claims from the original complaint which the Court granted Plaintiff leave to file.  Dkt. No. 15.  In response, Defendants move to strike the amended complaint in its entirety as untimely, having been filed passed the Court's twenty-eights days deadline, and for failure to comply with Federal Rule of Civil Procedure 15(a).  Dkt. No. 17.  However, as stated above, the Court granted Plaintiff leave to file supplemental material, and Rule 15(a) does not apply.

Nevertheless, in the interest of justice, the Court finds good cause to vacate its "Order Dismissing Non-Cognizable Claims" and grant Plaintiff one more opportunity to amend the deficient claims discussed therein.  Dkt. No. 11.  To that end, Defendants' motion to strike the "first amended complaint" is GRANTED.  Plaintiff shall file an amended complaint that complies with instructions set forth below.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Court's "Order Dismissing Non-Cognizable Claims" is VACATED.

Dkt. No. 12. Accordingly, the briefing schedule therein is also vacated. Defendants' motion for an extension of time to file dispositive motion is DENIED as moot. Dkt. No. 20.

2.    Defendants' motion to strike Plaintiff's last filing is GRANTED. Dkt. No. 19. Plaintiff's "first amended complaint" filed under Docket No. 17 shall be **STRICKEN**.

3.    In accordance with the Court's initial screening order, Plaintiff's due process claim from the original complaint is **DISMISSED for failure to state a claim**. Dkt. No. 11 at 6-7.

4.    The complaint states the following cognizable claims: (1) excessive force against Defendants Lopez, Gutierrez-Paricio, and Barrera-Negrete; (2) denial of his right of access to the courts against Defendants Cortina and Ear; and (3) ADA claims against Defendants Lopez, Gutierrez-Paricio, Barrera-Negrete, Cortina, and Ear. *Id.* at 4, 7-8, 9.

5.    The following claims are **DISMISSED with leave to amend**: (1) Eighth Amendment claim based on the denial of Plaintiff's asthma inhaler; (2) all claims against Defendant Atchley; and (3) Eighth Amendment claims based on what transpired in the yard against Defendants Larraux, Cervantes, Clavijo, and Soto. *Id.* at 4-5, 6, 9.

Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, Case No. C 21-04167 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

6.    **Failure to respond by filing an amended complaint in accordance with**

**this order in the time provided will result in this action proceeding solely on the cognizable claims identified above under paragraph 4, and all other claims and defendants being dismissed with prejudice for failure to state a claim.**

7. The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

This order terminates Docket Nos. 19 and 20.

**IT IS SO ORDERED.**

Dated: _March 4, 2022_____

BETH LABSON FREEMAN
United States District Judge

Order Granting Mot. to Strike; Vacating Order; Granting LTA
PRO-SE\BLF\CR.21\04167Farias_grant.strike&LTA