UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALBERTO FARIAS,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW ATCHLEY, et al.,<br><br>    Defendants. | Case No. 21-cv-04167 BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; STRIKING "AMENDED COMPLAINT"; DENYING OTHER MOTION; DENYING DEFENDANTS' MOTION TO DISMISS; GRANTING MOTION TO COMPEL PLAINTIFF'S DEPOSITION**<br><br>(Docket Nos. 26, 31, 32) |

       Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at the Salinas Valley State Prison ("SVSP"). Dkt. No. 1. On September 24, 2021, the Court screened the complaint and found it state cognizable claims of excessive force, denial of his right of access to the courts, and an ADA claim. Dkt. No. 11 at 10. The Court granted leave to amend with respect to remaining claims or, in the alternative, to file notice that Plaintiff wishes to proceed on the cognizable claims and strike all other claims from the complaint. *Id.*

       When Plaintiff did not file a response in the time provided, the Court dismissed

non-cognizable claims and ordered the complaint served on Defendants on November 17, 2021, based on the cognizable claims. Dkt. No. 12. Then on January 19, 2022, Plaintiff filed a first amended complaint. Dkt. No. 17. The Court granted Defendants' motion to strike the first amended complaint but with leave to amend. Dkt. No. 21. Plaintiff was granted leave to file an amended complaint to attempt to correct the deficiencies with respect to various claims. *Id.* at 3. Plaintiff was advised that failure to respond would result in the matter proceeding solely on the cognizable claims. *Id.* at 3-4.

On April 8, 2022, Plaintiff filed a 2-page document titled, "motion to 'amended complaint' (pursuant to paragraph 4) [*sic*]." Dkt. No. 22. The Court construed this motion as notice that Plaintiff wished to proceed on the cognizable claims identified in paragraph 4 of the Court's last order. Dkt. No. 23 at 2, citing Dkt. No. 21 at 3. Therefore, the Court dismissed the non-cognizable claims and ordered Defendants to file a motion for summary judgment or other dispositive motion with regard to the cognizable claims within ninety-one days from the date the order was filed. *Id.*

While Defendants' initial response was pending, Plaintiff filed a document titled "motion for summary judgment" on June 13, 2022. Dkt. No. 26. Defendants filed an opposition on July 11, 2022. Dkt. No. 27. Plaintiff did not file a reply.

On July 14, 2022, Defendants filed a motion for an extension of time to file their dispositive motion based on their need to conduct further discovery and depose Plaintiff in September 2022. Dkt. No. 28. The Court granted the motion, giving Defendants until October 12, 2022, to file their dispositive motion. Dkt. No. 29 at 2.

On August 29, 2022, Plaintiff filed an "amended complaint," Dkt. No. 30, and a motion to compel Defendants' response to his interrogatories, Dkt. No. 31.

On October 12, 2022, Defendants filed a motion for dismissal sanctions, citing Plaintiff's failure to cooperate in discovery, or in the alternative, an order to compel Plaintiff's deposition. Dkt. No. 32. Plaintiff did not file opposition to this motion. To

date, Plaintiff has had no further communication with the Court since his last filings in August 2022.

The Court addresses the above pending matters below.

## DISCUSSION

### A. Plaintiff's Motion for Summary Judgment

The Court found the complaint stated the following cognizable claims: "(1) excessive force against Defendants Lopez, Gutierrez-Paricio, and Barrera-Negrete; (2) denial of his right of access to the courts against Defendants Cortina and Ear; and (3) ADA claims against Defendants Lopez, Gutierrez-Paricio, Barrera-Negrete, Cortina, and Ear." Dkt. No. 21 at 3.

On June 13, 2022, Plaintiff filed a document titled "Plaintiff's motion for summary judgment, pursuant to (FRCP) Rule 56(A)(C), (B)(1), (A)(B)(4), and proceed in paragraph 4 of Court's last order." Dkt. No. 26 at 1. This document opens with the statement, "Plaintiff's opposition to the dispositive motion is being filed with the above court, pursuant to 'FRCP Rule 56,'" and asserts that "the original was entirely in compliance to civil complaint procedures." *Id.* To this two-page brief, Plaintiff attached the following: (1) a copy of page 2 of the "first amended complaint," Dkt. No. 17 at 2, which the Court struck on March 4, 2022 (Dkt. No. 21), *id.* at 4; (2) a list of the Defendants and his claims against them, *id.* at 5-11; (3) "Exhibit K," which is a list of interrogatories, *id.* at 12-16; (4) a copy of the court order dismissing non-cognizable claims and setting briefing schedule on cognizable claims (Dkt. No. 23), *id.* at 17-20; (5) a copy of Rules 55, 56, 57, and 58 of the Federal Rules of Civil Procedure, *id.* at 21-23; (6) duplicative copies of the first few pages of the original complaint, *id.* at 24-27, 29-31; and (7) a copy of the first page of the stricken "first amended complaint" (Dkt. No. 17), *id.* at 28.

Defendants oppose Plaintiff's motion based on the following: (1) Plaintiff does not

3

identify any claim on which he seeks summary judgment; (2) Plaintiff offers no evidence to show he is entitled to judgment as a matter of law; and (3) Plaintiff's motion does not comply with Local Rule 7-4. Dkt. No. 27 at 4-6.

The Court notes that Plaintiff filed no reply in response to Defendants' opposition. It may simply be that Plaintiff did not intend to file a motion for summary judgment, as he indicates that the filing was an "opposition." *See supra* at 1. Plaintiff may have been confused about the instructions in the court order setting briefing on his cognizable claims which directed *Defendants* to file a motion for summary judgment or other dispositive motion, and mistakenly believed that he needed to file an opposition right away, although he titled his filing as a "motion." *Id.* at 23. However, Plaintiff was only required to file an opposition *if* Defendants first filed a summary judgment motion. *Id.* At the time Plaintiff filed his "motion" or opposition on June 13, 2022, Defendants' deadline to file their dispositive motion had not yet expired. *See* Dkt. No. 29 at 25 at 2 (stating due date was July 14, 2022).

Whatever the case may be, the Court will treat Plaintiff's filing as a motion for summary judgment.

1.  **Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

4

*Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Generally, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325. If the evidence in opposition to the motion is merely colorable, or is not significantly probative, summary judgment may be granted. *See Liberty Lobby*, 477 U.S. at 249-50. The burden then shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial.'" *Celotex Corp*., 477 U.S. at 324 (citations omitted); Fed. R. Civ. P. 56(e).

The Court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a material fact. *See T.W. Elec. Serv., Inc. V. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. *See id*. at 631. It is not the task of the district court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment. *Id*. If the nonmoving party fails to do so, the district court may properly grant summary judgment in favor of the moving party. *See id.; see, e.g., Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1028-29 (9th Cir. 2001).

### 2. Analysis

Defendants first assert that Plaintiff failed to identify any claim on which he seeks summary judgment. Dkt. No. 27 at 3. Defendants are not entirely correct. Rather, Plaintiff appears to assert that he is entitled to summary judgment on *all* the claims in his complaint as he names all the Defendants and repeats the claims from his complaint. Dkt. No. 26 at 5-11. However, Plaintiff's brief 2-page memorandum fails to inform the Court of the basis for his motion, nor does it identify those portions of the record which Plaintiff believes demonstrate the absence of a genuine issue of material fact with respect to his claims. *Celotex Corp. v. Cattrett*, 477 U.S. at 323. Without such an explanation, the Court is unable to determine whether he is entitled to summary judgment on *any* claim.

Second, Defendants argue that Plaintiff offers no evidence to show he is entitled to judgment as a matter of law. Dkt. No. 27 at 4. The Court agrees. It is obvious that no discovery was conducted prior to filing this motion as Plaintiff relies solely on his complaint and submits no evidence obtained through discovery or affidavits. Furthermore, Plaintiff has included copies of interrogatories which clearly have yet to be answered by Defendants. In the absence of any evidence in support of Plaintiff's allegations, the record is simply not sufficiently developed enough to support summary judgment in favor of Plaintiff. *Celotex Corp. v. Cattrett*, 477 U.S. at 323. As such, it cannot be said that no reasonable trier of fact could find other than for Plaintiff at this stage in the proceedings. *Id.* at 325.

Lastly, Defendants assert that Plaintiff's motion does not comply with Local Rule 7-4, which states in pertinent part, "a brief or memorandum of points and authorities filed in support… to a motion must contain: … (3) A statement of the issues to be decided; (4) A succinct statement of the relevant facts; and (5) Argument by the party, citing pertinent authorities." N.D. Cal. Civ. L.R. 7-4. The Court agrees. Plaintiff's 2-page brief fails to include any of these components.

      Based on the foregoing, the Court finds Plaintiff has failed to meet his initial burden of showing the absence of a genuine dispute of material fact with respect to any of the claims he raises in the complaint. *See Celotex Corp.*, 477 U.S. at 323. Accordingly, Plaintiff's motion for summary judgment is DENIED. Dkt. No. 26. The denial is without prejudice to Plaintiff resubmitting a new summary judgment, (or cross-summary judgment to Defendants' summary judgment motion if one is filed), that complies with Local Rule 7-4, after conducting discovery and submitting evidence sufficient to support such a motion.

### B. Plaintiff's "Amended Complaint"

      On August 29, 2022, Plaintiff filed another document with a cover sheet that is identical to the "first amended complaint" that he previously filed on January 19, 2022, (Dkt. No. 17); this document was filed as an "Amended Complaint." Dkt. No. 30. However, as stated previously, the Court ordered that Plaintiff's prior amended complaint be stricken on March 4, 2022. Dkt. No. 21. Attached to this two-page "amended complaint" are copies of various court orders and filings: Dkt. Nos. 29 (2 copies), 22, 21, 27. Plaintiff also attached another copy of his "Exhibit K," i.e., his interrogatories. *Id.* at 19. It is not clear what Plaintiff hoped to accomplish through this filing as there is no explanation or motion attached. Even if the Court construes this filing as a motion for leave to file an amended complaint, there is no information in these papers to indicate what claims Plaintiff seeks to amend. Accordingly, the Court orders this filing to be STRICKEN as superfluous. Dkt. No. 30.

### C. Plaintiff's Motion to Compel

      On the same date that he filed the above "amended complaint," Plaintiff filed a document titled, "Plaintiff's motion request for courts to compel the parties to comply and grant Plaintiff's judgment." Dkt. No. 31. Plaintiff asserts that Defendants and their attorneys have "avoided to respond and answer all "interrogatory questions" under Exhibits K-1 and K-3. *Id.* at 1. Plaintiff requests that Defendants first answer all his

7

interrogatories before he complies with the "notice of taking remote deposition" from Defendants. *Id.* at 2. The Court notes that Plaintiff filed this motion on August 22, 2022, which was two days before the deposition scheduled for August 24, 2022. Dkt. No. 31-1. That notice was dated August 4, 2022. *Id.* at 2. Defendants did not file opposition to this motion.

The motion must be denied because there is no indication that the parties met and conferred to try to resolve any disagreement before Plaintiff sought court intervention. *See* Fed. R. Civ. P. 37(a); N.D. Cal. Local Rule 37. Plaintiff must seek to meet and confer with Defendants before he can seek an order to compel discovery. Where, as here, one of the parties is a prisoner, the Court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute. If defendants will not provide the requested discovery, plaintiff should send them a letter stating that he intends to pursue a motion to compel. The letter should state the specific discovery he seeks, and state the reasons that plaintiff believes he is entitled to such discovery. Accordingly, Plaintiff's motion to compel is DENIED as premature.

**D.     Defendants' Motion for Dismissal Sanctions**

In lieu of a motion for summary judgment, Defendants filed a motion to dismiss on the grounds that Plaintiff willfully refuses to participate in discovery and failed to appear for properly noticed deposition. Dkt. No. 32. In support, Defendants submit the declaration of their counsel, Deputy Attorney General Peter Nichols, along with Exhibits A through J. Dkt. No. 32-1. Plaintiff has filed no opposition.

Defendants assert that they served a notice of deposition on Plaintiff, setting his remote deposition for August 24, 2022, at 9:30 a.m. Dkt. No. 32-2 at 2; Dkt. No. 32-1 at

8

19-20 (Ex. C).  On August 24, 2022, Mr. Nichols appeared via Zoom for the deposition of Plaintiff and was advised by correctional staff that Plaintiff refused to attend the deposition.  Nichols Decl. ¶ 5, Dkt. No. 32-1 at 2.  Correctional staff recorded Plaintiff's refusal on the same date.  *Id.* at 23 (Ex. D).  Defendants also submit a Certificate of Non-Appearance.  *Id.* at 25-30 (Ex. E).  On August 24, 2022, Mr. Nichols also wrote a meet and confer letter to Plaintiff explaining Defendants' efforts to obtain Plaintiff's deposition, the potential consequences for failing to appear at the properly noticed deposition, and Defendants' intent to notice Plaintiff's deposition a second time.  *Id.* at 32-33 (Ex. F).

    Defendants served a second notice of taking Plaintiff's deposition on September 1, 2022, setting his remote deposition for September 13, 2022, at 9:30 a.m.  *Id.* at 35-37 (Ex. G).  On September 13, 2022, Plaintiff did appear for the second properly noticed deposition.  *Id.* at 39-74 (Ex. H).  When the matter of his failure to appear for the first deposition was raised, Plaintiff claimed that correctional staff did not retrieve him for that first deposition.  *Id.* at 46-48 (Ex. H at pp. 7:16-9:7).  Plaintiff then refused to answer questions, stating that he could not participate in the second deposition without legal counsel.  *Id.* at 62-63 (Ex. H at pp. 23:8-24:1).  Plaintiff repeatedly asked for a postponement until he was able to obtain legal counsel through the aid of his family, although he could not be sure how long that would take.  *Id.*

    Defendants now move for dismissal sanctions based on Plaintiff's failure to participate in discovery.  However, the Court finds such a motion premature and that the alternative Defendants seek is more appropriate, *i.e.*, for an order compelling Plaintiff to submit to a deposition.  Dkt. No. 32-2 at 11.  Although Plaintiff refused to answer any substantive questions, he also stated that he wanted more time to obtain an attorney to assist him in this matter.  Since then, more than sufficient time has passed to allow Plaintiff an opportunity to obtain counsel.  If Plaintiff still refuses to comply with the court order, Defendants can then move for dismissal sanctions.  *See, e.g.,* Fed. R. Civ. P. 37(b)(2)(c);

*see also Computer Task Group v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004). This is the appropriate course of action as district courts must first implement lesser sanctions before imposing such a substantial remedy, such as warning the offending party of the possibility of dismissal, or considering alternative lesser sanctions. *Id.* at 1116. *See*, *e.g.*, *Leon v. IDX Systems*, 464 F.3d 951, 960-61 (9th Cir. 2006) (finding dismissal appropriate where party acted in bad faith in despoiling evidence under five-part test). "Only 'willfulness, bad faith, and fault' justify terminating sanctions." *Connecticut General Life v. Providence*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)).

Plaintiff's filings also indicate that his discovery requests are still pending with Defendants, e.g., his interrogatories under "Exhibit K." The Court notes Defendants did not file an opposition to Plaintiff's motion to compel nor do they address the requested interrogatories in their motion. Defendants are reminded that they must also in good faith comply with Plaintiff's discovery requests in a timely manner.

Based on the foregoing, Defendants' motion for dismissal sanctions is DENIED as premature. Defendants' alternative request for an order compelling Plaintiff to submit to a deposition is GRANTED. Unless Plaintiff prefers the more severe sanction of dismissal of this entire action for his refusal to be deposed under Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure, he shall appear for and submit to a deposition to be properly noticed by Defendants. Plaintiff is advised that he must in good faith participate fully in the deposition, even if he has been unable to obtain legal counsel and must continue in *pro se*.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motion for summary judgment is **DENIED** without prejudice.

10

Dkt. No. 26.

2. Plaintiff's "amended complaint" shall be **STRICKEN**. Dkt. No. 30.

3. Plaintiff's motion to compel is **DENIED** without prejudice for failing to satisfy the meet and confer requirement under Rule 37(a). Dkt. No. 31.

4. Defendants' motion for dismissal sanctions is **DENIED**. Dkt. No. 32. Defendants' alternative request for a court order compelling Plaintiff to submit to a deposition is **GRANTED**. *Id.* Plaintiff shall appear for and submit to a deposition when properly noticed by Defendants without further delay. **Failure to comply with this Order may be grounds for dismissal of this entire lawsuit.**

5. This action shall proceed under the following briefing scheduling. Defendants shall file a summary judgment motion or other dispositive motion **no later than fifty-six (56) days** from the date this order is filed.

Once Defendants file their motion, Plaintiff shall prepare and file an opposition to Defendants' motion with the Court and serve it on Defendants **no later than twenty-eight (28) days** after Defendants' motion is filed.

Defendants shall file a reply brief **no later than fourteen (14) days** after Plaintiff's opposition is filed.

6. All relevant portions of the last court order setting briefing in this matter shall remain in effect. Dkt. No. 23.

This order terminates Docket Nos. 26, 31, and 32.

**IT IS SO ORDERED.**

Dated: ___March 6, 2023_____

_____
BETH LABSON FREEMAN
United States District Judge

Order Denying Pls-MSJ; Striking AmCompl; Denying MTD; Other Req.
PRO-SE\BLF\CR.21\04167Farias_denyMSJ(Pl).denyMTD(Def).OtherMots

11